UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Umicore Precious Metals Chemistry USA, LLC and Umicore AG & Co. KG,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>Trustees of Boston College,<br><br>　　　　Defendant. | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. Umicore Precious Metals Chemistry USA, LLC and Umicore AG & Co. KG (collectively "Umicore" or "Plaintiffs"), by its undersigned counsel, hereby alleges, with knowledge with respect to its own acts and on information and belief as to other matters, the following in support of its Complaint against Trustees of Boston College ("Defendant," "Boston College," or "BC").

**Nature of the Action**

2. Umicore brings this action for declaratory and injunctive relief against Defendant Boston College to confirm, protect, and preserve its rights as an exclusive licensee under a patent license agreement (Exhibit A., "License Agreement") assigned to Umicore.[1] Under the express terms of the License Agreement Umicore has received, and continues to receive, not only an exclusive license to certain BC patent rights specifically identified in the License Agreement, but

---

[1] The License Agreement was originally between Boston College and Materia, Inc. ("Materia"), and was acquired by Umicore in late 2017.

also ████████████████████████████████████████████████████████████████

████████████████████████████████████████.

    3.       U.S. Patent No. 9,938,253 (the "'253 Patent") is ████████████████████

████████████████████████████████████████. However, despite the '253 Patent being exclusively licensed to Umicore under the terms of the License Agreement, Boston College has purported to license the '253 Patent to others, and continues to deny that Umicore has a license to the '253 Patent. Accordingly, Umicore seeks a declaration that it is the exclusive licensee of the '253 Patent pursuant to the express terms of the License Agreement as well as Federal Circuit law governing when one patent is dominated by another, as well as an injunction against Boston College's purported licensing of the '253 patent to others.

    4.       This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 and the patent laws of the United States, including Title 35, United States Code.

## Parties, Jurisdiction, and Venue

    5.       Umicore Precious Metals Chemistry USA, LLC ("Umicore PMC") is a Delaware limited liability company with a principal place of business at 1301 W Main Pkwy, Catoosa, Oklahoma, 74015-2560. Umicore PMC delivers innovative products and services for use in various markets including fine and specialty chemicals, pharmaceuticals and automotive materials.

    6.       Umicore AG & Co. KG ("Umicore AG") is a sister company of Umicore PMC and is a limited commercial partnership organized under the laws of Germany with a principal place of business at Rodenbacher Chaussee 4, 63457 Hanau-Wolfgang, Germany.

    7.       Defendant Boston College is a private research university organized under the laws of Massachusetts and with its principal place of business located in Chestnut Hill, Massachusetts.

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

9. As described in detail below, an actual, immediate, substantial, and justiciable controversy exists between Umicore and Boston College with regard to Umicore's exclusive license to the '253 Patent that turns on a substantial question of Federal Patent Law, namely,

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████.

10. This Court further has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as diversity exists between Umicore and Boston College and the nature of the controversy exceeds $75,000. Specifically, diversity exists under 28 U.S.C. § 1332 (a)(3) as, per 28 U.S.C. § 1332(c), Umicore PMC is a citizen of Delaware and Oklahoma, Umicore AG is a citizen of Germany, and Boston College is a citizen of Massachusetts. The nature of this controversy exceeds $75,000 as the value of Umicore's license to the '253 Patent—the object of this dispute—exceeds $75,000.

11. This Court is authorized to issue declaratory judgments pursuant to 28 U.S.C. § 2201.

12. This Court has personal jurisdiction over Boston College because Boston College has its principal place of business in Massachusetts.

13. Venue is proper in the District of Massachusetts under 28 U.S.C. §§ 1391(b)(2), (c)(2) as Boston College, the only Defendant in this Action, has its principal place of business in Massachusetts.

## **Background**

14. According to the express terms of the License Agreement, Umicore maintains an exclusive license to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Boston College's only reservation of rights was to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

15. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

16. In exchange for this exclusive license, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

17. The License Agreement further provided that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Per the License Agreement, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

18.      █████████████████████████████████████████████████

█████████████████████████████████████ On December 6, 2017, Boston College provided said written consent to the assignment of the License Agreement to Umicore, attached hereto as Exhibit B. On December 19, 2017 Umicore acquired Materia's rights and obligations under the License Agreement.

19.      As shown in the excerpt above, ██████████████████████████ expressly provided that U.S. Patent Application No. 09/925,555 ("the '555 Application) entitled "Recyclable Metathesis Catalysts" filed August 9, 2001 █████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████ The '555 Application was pending at the time that the License Agreement was signed, and, subsequently, proceeded to issuance on July 26, 2005 as U.S. Patent No. 6,921,735 ("the '735 Patent"), with 28 claims. A true and correct copy of the '735 Patent is attached hereto as Exhibit C.

20.      Another patent in the '555 Application patent family is U.S. Patent 10,584,141 ("the '141 Patent"), which is also exclusively licensed to Umicore. A true and correct copy of the '141 Patent is attached hereto as Exhibit D. The '141 Patent issued with 7 claims.

21.      There is no dispute that both the '735 Patent and '141 Patent are exclusively licensed to Umicore subject to the terms of the License Agreement.

22.      The License Agreement further provided that ██████████████████

████████████████████████████████████████████████████████

███████████████████████████████ are also exclusively licensed to Umicore. ████████

5

23. On June 12, 2013, Boston College filed U.S. Provisional Patent Application No. 61/834,050, which was converted to U.S. Patent Application No. 14/303,523 ("the '523 Application") on June 12, 2014, naming Boston College professor Amir Hoveyda as an inventor. The '523 Application did not issue as U.S. Patent No. 9,938,253 ("the '253 Patent") until April 10, 2018 with 16 claims. A true and correct copy of the '253 Patent is attached hereto as Exhibit E.

24. The '253 Patent reflects ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬

25. The '253 Patent ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ For example, the charts attached hereto as Exhibits F and G illustrate ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

26. Thus, because the '253 Patent covers ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Umicore is the exclusive licensee of the '253 Patent by the plain terms of the agreement as well as Federal Circuit law.

27. On information and belief, Boston College has purported to license the '253 Patent to third-parties VerBio and/or Ximo (collectively "VerBio"). Umicore has in the past engaged in discussions with representatives of VerBio and Ximo in an effort to resolve any dispute with

6

respect to Umicore's license to the '253 Patent short of litigation, however, the parties were unable to reach an agreement.

28. On February 24, 2020, counsel for Umicore sent a letter (attached hereto as Exhibit H) to counsel for Boston College with regard to Umicore's license to the '253 Patent under the terms of the License Agreement.

29. On March 17, 2020 and March 20, 2020, counsel for Boston college replied via two letters (attached hereto as Exhibits I and J) to Umicore's February 20, 2022 letter rejecting Umicore's exclusive license of the '253 patent.

30. On November 18, 2022, counsel for Umicore sent another letter (attached hereto as Exhibit K) to counsel for Boston College further detailing Umicore's license to the '235 Patent under the terms of the License Agreement.

31. On December 19, 2022, counsel for Boston College replied via letter (attached hereto as Exhibit L) to Umicore's November 18, 2022 letter again rejecting Umicore's exclusive license of the '253 patent. To date, Boston College's sole explanation for having attempted to license the '253 Patent to others despite Umicore's exclusive licensed to the '253 Patent is to argue that █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

32. Boston College's position is untenable. Allowing Boston College to avoid licensing embodiments of the '253 Patent ██████████████████████████████████████████ ████████████████████████████████████████████████████ would frustrate a

purpose of the agreement—which was to expressly license not only existing patent rights, ███████████████████████████████████████████████████████████████

33. The situation is also one entirely of Boston College's own making. To the extent the '253 Patent ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ But Boston College did not do that.

## COUNT I

34. Umicore restates and incorporates by reference the allegations set forth in paragraphs 1 through 33 above as if fully set forth herein.

35. An actual controversy exists between the parties as to Umicore's exclusive license to the '253 Patent.

36. As noted above, the License Agreement provides Umicore with an exclusive license to, among other things, ██████████████████████████████████████████████████████████████████████████████ As also noted above, ████████████████████████████████████████████████████████████████████████████████████████████████ Thus, the License Agreement provides Umicore with an exclusive license to the '253 Patent. Boston College, however, continues to deny Umicore's license to the '253 Patent and has purported to license the '253 Patent to one or more third parties.

37. Umicore is entitled to a declaration, and any necessary injunctive relief, confirming that the '253 Patent is exclusively licensed to Umicore under the License Agreement.

Dated: December 30, 2022							Respectfully submitted,

							*/s/ Ruben J. Rodrigues*
							Ruben J. Rodrigues MA Bar No. 676573
							John W. Custer MA Bar No. 705258
							Foley & Lardner LLP
							111 Huntington Avenue
							Boston, Massachusetts 02199
							617.342.4000
							617.342.4001