UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Umicore Precious Metals Chemistry USA, LLC and Umicore AG & Co. KG,<br><br>Plaintiffs,<br><br>vs.<br><br>Trustees of Boston College,<br><br>Defendant. | C.A. No. 1:22-cv-12232-GAO<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' SUPPLEMENTAL BRIEFING ADDRESSING *IN RE SCHNELLER* IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to this Court's oral order on November 15, 2023 (*see* Dkt. 58; Dkt. 60 at 28:2-10), Plaintiffs Umicore Precious Metals Chemistry USA, LLC and Umicore AG & Co. KG (collectively "Umicore") submit this supplemental briefing in opposition to Defendant Trustees of Boston College's ("Boston College") Motion to Dismiss (Dkt. 20, "Motion").

As Umicore explained in its briefing and at oral argument, a patent "dominates" another patent where the dominating claims read on claimed embodiments of the dominated patent. *See* Dkt. 26 at 4. Boston College's argument to the contrary hinges (incorrectly) on § 804 of the Manual of Patent Examining Procedure's ("MPEP") use of the phrase "fully encompasses" when describing domination generally without contemplating claims drafted in a Markush format.[1]

The MPEP, however, is not controlling precedent. *See In re McDonald*, 43 F.4th 1340, 1348 (Fed. Cir. 2022) ("[T]he MPEP and guidelines are not binding on this court.") (internal quotation marks omitted). Further, while the MPEP has been described as "an official

---

[1] And even if "fully encompasses" is the proper standard, a claimed Markush alternative is, indeed, "fully encompassed" by a dominating patent, even if not all possible alternatives are encompassed.

1

interpretation of statutes or regulations as long as it is not in conflict therewith," § 804's discussion of domination does not interpret any relevant statutes or regulations.[2] *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1180, n.10 (Fed. Cir. 1995). Even if considered for its persuasive value, § 804's use of the phrase "fully encompasses" simply does not support the notion that every single alternative in a Markush group must be "fully encompassed" to be dominated. At base, § 804 just does not address Markush claims. What is more, § 804 goes on to cite, as an example of domination, *In re Schneller*—a case **inconsistent** with Boston College's interpretation of § 804, in which the dominating patent **did not** "fully encompass" the dominated claims. *See* MPEP § 804 ("However, the presence of domination does not preclude a double patenting rejection. *See e.g.*, *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968) …."). As explained in more detail below, the claims of the earlier (dominating) patent in *In re Schneller* did not themselves read on the later (dominated) claims, but the Court nonetheless found domination because practice of the dominated claims would (at least sometimes) lead to practice of the dominating claims. While *In re Schneller* also did not involve Markush groups, it nonetheless demonstrates that the authors of the MPEP did not consider "fully encompasses" as somehow requiring that every single possible claimed embodiment read on an earlier claim in order to be dominated.[3]

*In re Schneller* involved claims for "clip systems for securing gypsum lath to support members in partition walls and construction ceilings." *In re Schneller*, 397 F.2d at 350. Specifically, the appellant's specification described a clip system adding two new elements ("offsetting leg X" and "lip Y") to three elements previously described in the prior art ("elongate body A, loop portion B, and prong C"). *Id.* at 354. The preferred embodiment described in the

---

[2] Nor is § 804 dedicated to defining the term "dominated" but instead merely uses that word in the context of a double-patenting analysis, the true focus of the section.

[3] Nor did the parties to the License Agreement have that understanding—one that would have created a loophole to bypass licensing improvements by simply claiming them in Markush format. *See* Dkt. 26 at 6-7.

specification was a system using elements ABCXY. *Id.* The appellant successfully obtained a first patent for claims comprising elements ABCX (without requiring element Y) and had applied for a second patent including claims comprising elements ABCY (without requiring element X). *Id.*

The U.S. Court of Customs and Patent Appeals ("C.C.P.A."), predecessor to the Federal Circuit, acknowledged that the applied-for claims for ABCY could be practiced **without** practicing the patented claims for ABCX. *Id.* at 354-355 ("X and Y are distinct elements, performing independent functions, so that either can be employed without the other …. [T]he invention can be practiced in the forms ABCX or ABCY …."). Yet the C.C.P.A. still concluded that the patented claims for ABCX "dominate the application claims" for ABCY, despite the fact that the patented claims did **not** 'fully encompass' the applied-for claims. *Id.* at 355. Instead, as with the dominated '253 patent claims, practice of the applied-for claims in *In re Schneller* only sometimes practiced the dominating claims. *Id.* at 355-356.

Thus, to the extent § 804 of the MPEP should be considered when interpreting the License Agreement at issue here, the MPEP's citation to *In re Schneller* as an example of "domination" only confirms that the authors of the MPEP did not intend to suggest that every single claimed alternative in a Markush group must be fully encompassed in order for said claim to be dominated. To the contrary, *In re Schneller* does not even require that a dominating claim "encompass" the dominated claims at all (let alone "fully encompass" them). Instead, the C.C.P.A. found domination where a product practicing the dominated claim (directed to ABCY), was merely **likely** to practice the dominating claims (directed to ABCX). In the present case, Boston College does not dispute that claims of the '741 and '141 patents **are necessarily** practiced by certain claimed embodiments of the '253 patent—which is more than *In re Schneller* required when finding domination. Boston College's Motion to Dismiss should be denied.

Dated: November 29, 2023                     Respectfully Submitted,

*/s/ Ruben J. Rodrigues*
Ruben J. Rodrigues MA Bar No. 676573
John W. Custer MA Bar No. 705258
Foley & Lardner LLP
111 Huntington Avenue
Boston, Massachusetts 02199
617.342.4000
617.342.4001

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was filed with the Court through the ECF system and that a copy will be electronically served on registered participants as identified on the Notice of Electronic Filing.

Dated: November 29, 2023                     */s/ Ruben J. Rodrigues*
                                             Ruben J. Rodrigues