UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-12232-GAO

UMICORE PRECIOUS METALS CHEMISTRY USA, LLC, UMICORE AG & CO. KG,
Plaintiffs,

v.

TRUSTEES OF BOSTON COLLEGE,
Defendant.

OPINION AND ORDER
March 29, 2024

O'TOOLE, D.J.

Plaintiffs Umicore Precious Metals Chemistry USA, LLC and Umicore AG & Co. KG (collectively "Umicore") commenced this action for declaratory and injunctive relief against defendant Trustees of Boston College ("BC"), alleging BC improperly licensed one of Umicore's exclusive patents to another company. BC's motion to dismiss the complaint for failure to state a claim upon which relief may be granted is denied by a separate order.

Umicore has moved for the issuance of letters rogatory under 28 U.S.C. § 1781, Federal Rule of Civil Procedure 28(b), and the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters. Umicore requests the Court to issue letters rogatory to Hungary for discovery from XiMo Hungary Kft. ("XiMo") and to Germany for discovery from VERBIO Vereinigte BioEnergie AG ("VERBIO"). Both companies have no apparent presence in the United States and are not subject to subpoena power under United States law. Umicore requests this discovery to determine whether BC improperly licensed a certain patent (U.S. Patent No. 9,938,253 (the "'253 patent")) to XiMo and VERBIO.

The Hague Convention provides a method for requesting discovery from signatory countries[1] through the issuance of a letters rogatory from a United States court to a foreign tribunal. See generally Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa, 482 U.S. 522 (1987). The decision whether to issue letters rogatory is "entirely within the discretion of the district court." Brown v. State St. Corp., No. CV 05-11178-NG, 2006 WL 8458183, at *2 (D. Mass. Mar. 20, 2006). Courts examine a variety of factors in determining whether to issue letters rogatory including expense, burden, timing, and compliance with the Hague Convention's specific requirements. Id. Letters rogatory transmitted pursuant to the Hague Convention must be addressed to the receiving state's Central Authority and must specify, among other things, "(d) the evidence to be obtained or other judicial act to be performed" and "(g) the documents or other property, real or personal, to be inspected." Convention Adopted at the Eleventh Session of the Hague Conf. on Priv. Int'l L. Oct. 26, 1968; T.I.A.S. No. 7444 (Oct. 7, 1972). The Convention permits signatory states to restrict pretrial discovery of documents by foreign parties. Brown, 2006 WL 8458183, at *1.

Relevant here, Hungary has adopted such a restriction and will "not execute Letters of Request presented in a procedure known as pre-trial discovery of documents unless the Letter of Request clearly identifies the document that must be made available by its holder and this document is directly connected to the objective of the procedure." Hungary - Central Authority (Art. 2) and practical information, Hague Conference on Private International Law (Jan. 11, 2023) https://www.hcch.net/en/states/authorities/details3/?aid=635. Germany has a similar restriction, only allowing pretrial discovery if (1) the documents requested are described separately in detail;

---

[1] Both Hungary and Germany are signatories to the Hague Convention. HCCH Members, Hague Conference on Private International Law (last visited Mar. 28, 2024) https://www.hcch.net/en/states/hcch-members.

(2) the documents requested are of immediate and clearly recognizable relevance; (3) the documents requested are in the possession of a party to the proceedings; (4) the letters rogatory does not violate German law; and (5) personal data is processed pursuant to General Data Protection Regulation. <u>Germany - Central Authority (Art. 2, 24) and practical information</u>, Hague Conference on Private International Law (Feb. 27, 2023) https://www.hcch.net/en/states/authorities/details3/?aid=501.

Umicore's requests seem burdensome and unnecessary. The evidence sought consists of documents and testimony related to license agreements and licensing negotiations between XiMo and/or VERBIO and BC including any evaluation, analysis, or study comparing the claims and/or subject matter of the '253 patent with any claims and/or subject matter of U.S. Patent No. 6,921,735 and/or U.S. Patent No. 10,584,141. The license agreements with the European companies were negotiated more than ten years ago and gathering any documents relevant to the negotiations will likely be burdensome. In any event, Umicore should be able to seek relevant documents from BC.

The requests are also likely too vague to be granted by the foreign tribunals. As noted above, both Hungary and Germany require a specific description of the documents sought. Umicore's broad general requests are not likely to be sufficient to persuade the foreign tribunals to agree to respond favorably to the letters rogatory.

For the foregoing reasons, the plaintiffs' Motion for Issuance of Letters Rogatory (dkt no. 50) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge